UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Case No. 1:99:CR:64-02

TODD ALLEN DUNHAM,

                                                  HON. GORDON J. QUIST

    Defendant.
_____/

## MEMORANDUM REGARDING SENTENCE REDUCTION

Defendant, Todd Allen Dunham, was convicted, after having pled guilty, of conspiracy to distribute and possess with intent to distribute marijuana, cocaine, and heroin, and for having been a felon in possession of a firearm. 21 U.S.C. §§ 846, 841(a)(1); 18 U.S.C. § 922(g)(1). As set forth in paragraph 69 of the Presentence Investigation Report, Dunham used "violence and threats of violence to maintain order and secrecy within the conspiracy" and intimidated rivals. Dunham was a manager or supervisor of the conspiracy. U.S.S.G. § 3B1.1 Dunham's offense was very serious.

At the time of his sentencing, Dunham had a Criminal History Category of V. *See* 18 U.S.C. § 3553(a)(1), (2). His convictions were sometimes for violent acts and firearm possession. (PSR ¶¶ 234, 239, 242); *see* 18 U.S.C. § 3553(a)(2)(B), (C). Dunham is currently incarcerated in the Florence, Arizona ADMAX facility, where the most dangerous and violent federal prisoners are incarcerated. This Court asked the United States Marshal's Service to inquire as to why Dunham was incarcerated at the ADMAX facility. The response was as follows:

> On January 11, 2010, while designated at the Special Management Unit at USP Lewisburg, inmate Dunham charged staff from the recreation pen, head butting the escorting officer in the face with his head. He attempted to charge other officers in the same manner.

Dunham, in a letter to the Court dated October 28, 2015, says that he is placed with some pretty horrible people in the ADMAX facility. No doubt. But this is not a reason to overlook Dunham's own behavior which got him there. The Court also notes that the chances of Dunham's receiving a disciplinary violation while in the ADMAX facility would be unusual because of the intense control imposed in that facility.

On the other hand, to his credit, Dunham has completed some important courses and programs while he has been incarcerated.

In balancing the factors under 18 U.S.C. § 3553 in light of the facts and arguments of the parties, including letters from Dunham and Raeann Hosford, the Court concludes that a sentence in about the middle of the new Guideline Range would be sufficient and not more than necessary in achieving the purposes of sentencing. Therefore, Dunham's sentence will be reduced from the current 299 months to 269 months.


Dated: December 3, 2015                  /s/ Gordon J. Quist
                                                                     GORDON J. QUIST
                                                     UNITED STATES DISTRICT JUDGE